<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : : : : | |
| Plaintiff, | : : | Civ. A. No. 07-1965 (SRC) |
| v. | : : | **OPINION & ORDER** |
| NATHAN P. GOODIRON, individually and as Trustee of a Trust for the Benefit of the children of Nathan J. Goodiron, HARRIET GOODIRON, EILEEN GOODIRON, COPPER GOODIRON, a minor, ALEXANDER ALBERTS, a minor, and JOELY ALBERTS, a minor, | : : : : : : : | |
| Defendants. | : : | |

**<u>Chesler, U.S.D.J.</u>**

This matter comes before the Court on the motion for summary judgment filed by Plaintiff, The Prudential Insurance Company of America (docket # 12). Plaintiff concedes its liability to pay life insurance proceeds in the amount of $400,000.00 plus any accrued interest to the beneficiary or beneficiaries of Decedent, Nathan J. Goodiron. Plaintiff filed this interpleader action, however, because there may be multiple beneficiaries that subject Plaintiff to conflicting liabilities. In relevant part, Plaintiff seeks this Court's Order: (1) directing Plaintiff to deposit the sum with the Court; (2) requiring Defendants to interplead their rights to such sum; (3)

restraining Defendants from instituting any action against Plaintiff to recover the sum; (4) discharging Plaintiff from all liability to Defendants in this case; and (5) appointing a guardian for the minor Defendants. The motion is unopposed and has been decided upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the motion for summary judgment is granted in part and denied in part. Plaintiff's motion is granted as to numbered items (1), (2), (3), and (4). The motion is denied as to item (5). Further, the Court, *sua sponte*, has determined that, because all claimants reside in North Dakota and it appears that Native American tribal law and/or customs may be relevant to the disposition of this matter, an Order to Show Cause why this matter should not be transferred to the United States District Court for the District of North Dakota pursuant to 28 U.S.C. § 1404(a) should issue. The District of North Dakota Court should resolve the issues regarding which Defendants are beneficiaries and whether guardians *ad litem* should be appointed to represent the interests of the minor Defendants.

**I.    Factual Background**

The Prudential Insurance Company of America ("Prudential") initiated this interpleader action on April 26, 2007, asking the Court to order all Defendants to interplead their rights to the proceeds of the life insurance policy it held that became payable upon the death of Nathan J. Goodiron ("Decedent"), and to discharge Plaintiff from all liability arising from this matter upon deposit of the proceeds of the policy to the Court.

Plaintiff asserts that at the time of his death, Decedent was a member of the United States Army, insured by Plaintiff through the Office of Servicemembers' Group Life Insurance

("OSGLI") under Group Policy No. G-32000.  That Policy provides life insurance to members of the United States armed forces in accordance with the terms of the Group Policy and the provisions of federal law.  At the time of his death, the death claim benefit under the Policy for Decedent was: $400,000.00.  Plaintiff is prepared to release this sum to the Court, along with any accrued interest.

Plaintiff asserts that Decedent completed a Servicemembers' Group Life Insurance Election and Certificate in which he named as his principal beneficiary, "My Trustee Nathan P. Goodiron ... to Fund a Trust Established for the Benefit of My Children Under My Will."  Eileen Goodiron was designated as a contingent beneficiary.  Upon information and belief, Plaintiff states that after Decedent passed away, Defendant Nathan P. Goodiron forwarded correspondence to OSGLI advising that Decedent: (1) left no written will; (2) appointed Defendant Nathan P. Goodiron to have a durable power of attorney; and (3) directed Defendant Nathan P. Goodiron to carry out his wishes in the event of Decedent's death.  Further, Plaintiff asserts that Defendant Nathan P. Goodiron advised OSGLI that Decedent's oral instructions constitute his will and that under Native American law or culture, a will is an oral agreement.

Plaintiff asserts that it has been informed that all six Defendants, including Defendant Nathan P. Goodiron both individually and as trustee, may claim entitlement to conflicting amounts of benefits under the Policy, and have requested payment thereof.  Due to these competing claims, Plaintiff contends that it is unable to determine to whom the proceeds should be paid without exposing itself to multiple liability.  Plaintiff concedes liability for the full amount of the Policy, plus any accrued interest, and stands ready and willing to deposit the proceeds of the Policy with the Court.

Defendant Eileen Goodiron answered the Complaint and instituted cross claims and counterclaims (docket # 5.)  She alleged that she was married to Decedent at the time of his death and admitted that she was named a contingent beneficiary in the Policy.  Defendant Eileen Goodiron further alleged that, although Decedent designated his principal beneficiary under the Policy as "Trustee Nathan P. Goodiron ... to fund a trust established for the benefit of my children under my will," he had not executed a will at the time of his death and was not the father of any children born either prior to or after his death.  Defendant Eileen Goodiron claims that she is entitled to payment of all proceeds from Decedent's policy.

Defendant Nathan P. Goodiron answered the Complaint *pro se* (docket #10).  He alleged that he was Decedent's father.  He neither admitted nor denied that multiple claims may exist to the Policy proceeds.  He admitted Defendant Eileen Goodiron's claim that Decedent had no biological children and did not legally adopt any children.[1]  Defendant Nathan P. Goodiron's Answer contains several allegations regarding Native American law and/or customs that he claims are relevant to the Court's determination of this matter.  He seeks this Court's Order directing that the proceeds of the Policy be paid to him as the "principal beneficiary."

No answer was filed by Defendant Harriet Goodiron, who is allegedly Decedent's mother.  Likewise, no answer was filed on behalf of any of the minor Defendants in this case.  Plaintiff filed an answer to Defendant Eileen Goodiron's counterclaim in June 2007 (docket # 6).  On October 19, 2007, Plaintiff filed this motion for summary judgment (docket # 12).

---

[1]In Plaintiff's letter brief in support of its motion for summary judgment, Plaintiff alleges that minor Defendant Cooper Goodiorn is the surviving son of Decedent and the other two minor Defendants are Decedent's stepchildren (docket # 12-4).

## II. Legal Analysis

### A. Summary Judgment Standard

Summary judgment may be granted only when materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). In deciding whether there is a disputed issue of material fact, the court must grant all reasonable inferences from the evidence to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Penn. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Once the moving party has properly supported its showing that there is no triable issue of fact and demonstrated an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita*, 475 U.S. at 586; *see also Anderson*, 477 U.S. at 247-48. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see also Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact ... the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold").

### B.     The Nature of Interpleader

In the case at bar, Plaintiff does not dispute that Decedent had a valid life insurance policy or that Plaintiff is liable for payment of the full amount of benefits under the Policy, plus any interest accrued.  Further, Plaintiff claims no title to, or interest in, the life insurance benefits payable under the Policy.  Plaintiff states, however, that it is unable to determine the identity of the beneficiary or beneficiaries without potentially subjecting itself to multiple liability.  Here, there is no material dispute regarding any of the facts relevant to Plaintiff's entitlement to an Order allowing interpleader.

Indeed, this matter involves "[t]he classic interpleader scenario ... [where] a neutral stakeholder, such as an insurance company, [is] faced with [competing] claims over the rights of the res – *e.g.*, the proceeds of a life insurance policy where the beneficiaries dispute their relative distributions." *New Jersey Sports Prods., Inc. v. Don King Prods., Inc.*, 15 F. Supp. 2d 534, 539 (D.N.J. 1998).  The law of interpleader recognizes that a stakeholder should not be required to determine which of multiple claimants has the best claim(s).  *E.g., John Hancock Mutual Life Insurance Co. v. Kraft*, 200 F.2d 952, 953 (2d Cir. 1953).  There is no dispute that Plaintiff is in possession of a limited fund subject to the possibility multiple litigation and the potential for duplicative liability.  *See, e.g., Bierman v. Marcus*, 246 F.2d 200, 202 (3d Cir. 1957), *cert. denied*, 356 U.S. 933 (1958).  As such, Plaintiff does not have the obligation to determine which of the claims is meritorious.  *Id*.  Nor need this Court analyze the relative merits of the competing claims at this juncture; it is sufficient that there is a finite fund, the possibility of multiple litigation, and that one lawsuit would protect the interests of the stakeholder (Plaintiff) and the potential claimants (Defendants).  *See* 7 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND

PROCEDURE, §1704 (3d ed. 2001).

Accordingly, Plaintiff is entitled to an order directing it to deposit the Policy proceeds with the Court, requiring Defendants to interplead their claims to the proceeds, restraining Defendants from bringing separate proceedings against Plaintiff for the Policy proceeds, and discharging Plaintiff from further liability to Defendants for the Policy proceeds.

### C. Transfer of Venue

Although none of the parties has moved for a transfer of venue, this Court raises the issue *sua sponte*. *See Conanno v. Quiznos Master, LLC,* 2006 WL 3359673 (D.N.J. 2006), *citing Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) (transferring venue even though no motion to transfer was before the court).[2] Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district court where it might have been brought if such transfer would serve the convenience of the parties and witnesses and the interest of justice. This case could have been brought in the United States District Court for the District of North Dakota because all claimants apparently reside in North Dakota (docket #1, at ¶¶ 2-7). *See* FED. R. CIV. P. 22 (stating that venue is proper where all Defendants reside in "rule interpleader" case).

In the case at bar, all relevant facts support the conclusion that the District of North Dakota is an appropriate venue and that transfer to the District of North Dakota would serve the interests of the parties, the witnesses, and justice. These facts include the following considerations: (1) as a result of this Opinion and Order, Plaintiff, a New Jersey corporation, is

---

[2] Although she did not file a formal motion, Defendant Eileen Goodiron's Answer asserts that "venue would be more properly laid in the District of North Dakota ..." (docket # 5 at ¶ 9).

-7-

no longer involved in this action; (2) all Defendants are residents of North Dakota (*see* FED. R. CIV. P. 22); and (3) the claim arose due to Decedent's death in Afghanistan, which no party has claimed would constitute a proper venue (*see* FED. R. CIV. P. 22).

Because this Court has raised the issue of transferring venue *sua sponte*, the Order on this issue will give the Defendants thirty (30) days from the date of this Opinion and Order to show cause why the matter should not be transferred to the District of North Dakota.

Accordingly, for the reasons addressed above and for good cause shown,

**IT IS** on this 26th day of February, 2008,

**ORDERED** that the motion for summary judgment filed by Plaintiff (docket # 12) is granted to the extent that: (1) Plaintiff is directed to deposit the Policy proceeds at issue with the Court; (2) Defendants are required to interplead their rights to such sum; (3) Defendants are restrained from instituting any action against Plaintiff to recover the sum; and (4) Plaintiff is discharged from all liability to Defendants with respect to the Policy proceeds at issue in this case; and it is further

**ORDERED** that Defendants shall have thirty (30) days from the date this Opinion and Order is filed in which to show cause why the matter should not be transferred to the District of North Dakota; and it is further

**ORDERED** that the matter shall be transferred to the District of North Dakota on or after March 25, 2008 if no objections are made to the transfer of venue; and it is further

**ORDERED** that if this case is transferred to the District of North Dakota, the Policy proceeds deposited with this Court will be transferred to the United States District Court for the District of North Dakota; and it is further

**ORDERED** that although Plaintiff's motion for appointment of a guardian *ad litem* to represent the minor Defendants is not granted by this Court, such denial is purely procedural due to the anticipated transfer of venue to the District of North Dakota and nothing in this Court's Opinion and Order shall be construed by Defendants or interpreted by the United States District Court for the District of North Dakota as a denial of that motion on the merits.

                                           s/ Stanley R. Chesler
                                           STANLEY R. CHESLER
                                           United States District Court Judge